UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JERRY MEANS,

      Plaintiff,

v.

F. MITCHELL, S. JOHNSON,
LT. NOLTT, CAPTAIN CAIRA,
ROSE LARSON, MS NIMS, and
HEATHER PULSEN,

      Defendants.

Case No. 13-CV-846-JPS

ORDER

   Plaintiff Jerry Means, proceeding *pro se*, brings this action under 42 U.S.C. § 1983 against Defendants—each an employee of the Milwaukee Secure Detention Facility in Milwaukee, Wisconsin—alleging that he was "confined in solitary confinement for 34 days without any notice of charge or any hearing by the prison administration" for disciplinary purposes. (Docket #8).

   Following this Court's order imposing no initial partial filing fee on account of Plaintiff's lack of funds (Docket #11), Plaintiff has expressed his intention to proceed on his "due process" claim. (Docket #13). *See* 28 U.S.C. § 1915(b)(4). Before the Court is Plaintiff's amended motion for leave to proceed *in forma pauperis.* (Docket #9).[1]

   The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

---

[1] Although Plaintiff is not presently incarcerated, it appears that he was incarcerated at the time he filed his amended complaint. (Docket #8, 1). Therefore, the Court will proceed with screening his amended complaint in accordance with 28 U.S.C. § 1915A.

"frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the…claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S.

at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Here, Plaintiff alleges that Defendants placed him in "solitary confinement for 34 days without any notice of charge or any hearing by the prison administration" for disciplinary purposes. (Docket #8); (Docket #13). Those circumstances, Plaintiff reasons, amount to deprivation of a protected liberty interest without due process of law in violation of the Fourteenth Amendment. (*Id.*).

The Seventh Circuit's teachings in *Marion v. Columbia Correctional Inst.* are instructive:

The Supreme Court's decisions in *Sandin* and *Wilkinson* establish that disciplinary segregation *can* trigger due process protections depending on the duration and conditions of segregation. *See Wilkinson*, 545 U.S. at 224, 125 S.Ct. 2384; *Sandin*, 515 U.S. at 486, 115 S.Ct. 2293….The Supreme Court's decisions are helpful in setting out the durational parameters of a prison-segregation due process analysis. There nevertheless remains a significant area in which the presence of a cognizable liberty interest is not self-evident from a reading of these cases. In these situations, we must make the necessary determination by analyzing the combined import of the duration of the segregative confinement *and* the conditions endured by the prisoner during that period.

The defendants correctly note that, in some cases, we have described an inmate's liberty interest in avoiding segregation as very limited or even nonexistent. For example, in *Townsend v. Fuchs*, 522 F.3d 765 (7th Cir.2008), which involved a prisoner segregation term of fifty-nine days, we concluded that "inmates have no liberty interest in avoiding transfer to discretionary segregation—that is, segregation imposed for administrative, protective, or investigative purposes." *Townsend*, 522 F.3d at 766, 771. However, those cases, like *Sandin*, all involve relatively short periods of segregation.

In a number of other cases, we have explained that a liberty interest may arise if the length of segregated confinement is substantial and the record reveals that the conditions of confinement are unusually harsh. For example, in *Whitford*, we noted that six months of segregation is "not such an extreme term" and, standing alone, would not trigger due process rights. *Whitford*, 63 F.3d at 533. Nevertheless, we remanded for a factual inquiry as to whether the conditions of the prisoner's confinement "were significantly altered when he was placed in segregation." Id. at 533. We similarly have recognized the need for additional factual development in a case that involved one year of segregation. *Bryan v. Duckworth*, 88 F.3d 431, 433-34 (7th Cir.1996), abrogated on other grounds, *Diaz v. Duckworth*, 143 F.3d 345, 346 (7th Cir.1998).

. . .

> Mr. Marion's term of 240 days' segregation is significantly longer than terms of segregation imposed in cases where we have affirmed dismissal without requiring a factual inquiry into the conditions of confinement. *See Townsend v. Fuchs*, 522 F.3d 765, 766 (7th Cir.2008) [(59 days in temporary lock-up)]; *Holly v. Woolfolk*, 415 F.3d 678, 679 (7th Cir.2005) [(two days in solitary confinement)]; *Hoskins v. Lenear*, 395 F.3d 372, 374-75 (7th Cir.2005) [(two months in segregation)].

559 F.3d 693, 697-698 (7th Cir. 2009).

Recognizing that Plaintiff alleges 34 days of solitary confinement, and with the benefit of the teachings of *Marion*, the Court is obliged to find that additional factual development is not merited because no liberty interest has been implicated. Finding no liberty interest implicated, the Court is obliged to find that Plaintiff fails to state a claim under the Fourteenth Amendment for unlawful deprivation of due process. Therefore, his Complaint must be dismissed.

Accordingly,

IT IS ORDERED that Plaintiff's amended motion for leave to proceed *in forma pauperis* (Docket #9) be and the same is hereby GRANTED.

IT IS FURTHER ORDERED that Plaintiff's motion for leave to proceed *in forma pauperis* (Docket #2) be and the same is hereby DENIED as moot.

IT IS FURTHER ORDERED that Plaintiff's original and amended motions for the appointment of counsel (Docket #s 4 and 13) be and the same are hereby DENIED as moot.

IT IS FURTHER ORDERED that this action be and the same is hereby DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim.

IT IS FURTHER ORDERED that the Clerk of Court document that this inmate has brought an action that was dismissed for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

IT IS FURTHER ORDERED that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

IT IS FURTHER ORDERED that Plaintiff shall pay to the Clerk of Court the balance of the filing fee owed in this action. The payment shall be clearly identified by the case name and number assigned to this action.

IT IS FURTHER ORDERED that copies of this order be sent to the warden of the institution where the inmate was confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

I FURTHER CERTIFY that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless the plaintiff offers bonafide arguments supporting his appeal.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 25th day of November, 2013.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge